UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MICHAEL RAY JENKINS, | ) | |
|---|---|---|
| No. 89343, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-cv-00216 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| f/n/u ANTHONY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M

The plaintiff, an inmate of the Bledsoe Correctional Complex in Pikeville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 alleging that the defendants refuse to treat the plaintiff's Hepatitis C and throat condition. (Docket No. 1). As relief, the plaintiff seeks medical treatment as well as compensatory and punitive damages. (*Id.* at p. 12).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

According to the complaint, from 2011 to the present, Dr. f/n/u Anthony has been monitoring the plaintiff's Hepatitis C. The complaint alleges that Dr. Anthony, acting in concert with the Tennessee Department of Corrections (TDOC), has lied about or misrepresented the plaintiff's viral load and enzyme levels specifically for the purpose of preventing the plaintiff from receiving medication for his Hepatitis C. Further, the complaint alleges that Chorizion Healthcare, the entity responsible for providing medical care to inmates in TDOC facilities, has a policy of preventing inmates with Hepatitis C from receiving life-saving medication. The complaint alleges that, because Dr. Anthony, TDOC, and Chorizion Healthcare would not and did not treat the plaintiff's Hepatitis C for the past four years, the plaintiff has developed cirrhosis of his liver and will die within two years.

Additionally, the complaint alleges that the plaintiff suffers from a throat condition that causes the blood vessels in his throat to burst and bleed. The complaint alleges that the plaintiff spits up blood every day and his blood count has been detrimentally affected. According to the complaint, Dr. f/n/u Sidenberry refuses to complete the paperwork required for the plaintiff to obtain a consultation appointment regarding his throat condition. The complaint alleges that a "banding" procedure exists for curing the plaintiff's condition, but the plaintiff is not permitted to see a specialist who could perform the procedure because Dr. Sidenberry will not complete the necessary paperwork. (Docket No. 1 at pp. 6-11).

### IV. Analysis

First, the plaintiff names unidentified nurses ("several Jane Doe Nurses who work at Lois DeBerry Special Needs Facility") as defendants to this action. (Docket No. 1 at 6). However, the plaintiff has not alleged any specific personal involvement by these defendants in the events described in the complaint. No nurses, named or unnamed, are even mentioned in the narrative section of the complaint. The plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and the plaintiff here has failed to do so. Thus, the plaintiff's claims against the Jane Doe Nurses will be dismissed.

The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)(citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of

a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)(quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* Claims of negligence are insufficient to entitle a plaintiff to relief. *See Farmer,* 511 U.S. at 835.

Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. Such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

"The case law is clear that the mere existence of a Hepatitis C infection is not necessarily a 'serious medical need' warranting treatment such that the failure to provide treatment violates the Eighth Amendment." *White v. Secure Care Co.,* 2011 WL 900296, at *4 (E.D. Mich. Jan. 2011) (citing *Fitts v. Burt*, 2009 WL 1213075, at *3 (E.D. Mich. 2009) ("While his Hepatitis C infection may in fact necessitate a sufficiently serious need for medical care at times, Plaintiff has not provided this Court with any evidence showing that he had such a sufficiently serious need during the time in question, especially one that would be obvious to a lay person. His 'verifying medical evidence' of merely having Hepatitis C does not establish any 'detrimental effect of the delay in medical treatment.'") (emphasis added); *Hix v. Tennessee Dep't of Corrections*, 2006 WL 2431103, at *6 n.1 (6th Cir. 2006) (Sixth Circuit has recognized, as "numerous courts have acknowledged,

5

hepatitis C does not require treatment in all cases."); *Loukas v. MDOC*, 2008 WL 544639, at *2 (W.D. Mich. 2008) (same); *Haley v. Miller*, 2010 WL 3069313, at *8 (M.D.Tenn. 2010)(no deliberate indifference where the record indicates that the plaintiff's Hepatitis C was not treated with interferon therapy because he was asymptomatic and the treatment would have further compromised his immune system)).

In this case, the plaintiff alleges that his Hepatitis C and throat conditions constitute a sufficiently "serious medical need" requiring medical treatment beyond what the plaintiff has been afforded up to now. With regard to Hepatitis C, the plaintiff goes further in alleging that defendants Dr. Anthony and Chorizion Healthcare have engaged in an attempt to misrepresent the plaintiff's viral load and enzyme numbers so that he does not qualify for treatment under a TDOC policy governing Hepatitis C cases. The plaintiff alleges that he has suffered detrimental effects from the defendants' refusal to treat his Hepatitis C, including pain, irreparable cirrhosis of the liver, and ultimately an untimely death. With regard to his throat condition, the plaintiff alleges that Dr. Sidenberry willfully refuses to complete paperwork that would enable the plaintiff to see a specialist for a consultation concerning a procedure that would stop the plaintiff's excessive loss of blood. The court finds that these allegations are sufficient to state Eighth Amendment claims based on the failure to provide appropriate medical treatment to the plaintiff for his serious medical conditions pursuant to TDOC policy as to defendants Dr. Anthony, Dr. Sidenberry, and Chorizion Health Care, and TDOC.

Of course, the plaintiff will bear the burden of supporting his allegations with evidence as this case progresses. The court simply finds that, for now, the plaintiff's Eighth Amendment claims as to TDOC, Dr. Anthony, Dr. Sidenberry, and Chorizion Health Care survive the required screening

under the PLRA.

## V. Conclusion

As set forth above, the plaintiff has stated colorable Eighth Amendment claims against defendants Dr. Anthony, Dr. Sidenberry, TDOC, and Chorizion Healthcare under 42 U.S.C. § 1983. These claims will be allowed to proceed for further development.

However, the plaintiff's claims against Jane Doe Defendant nurses fail to state § 1983 claims upon which relief can be granted, and those claims must be dismissed under the PLRA.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge