IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL R. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00216 |
| | ) | Judge Trauger/Knowles |
| DR. ANTHONY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two documents filed by the pro se Plaintiff, both headed "Request for Injunction." Docket Nos. 20, 21. The Court will treat these requests as motions.

In his first filing, Plaintiff seeks an injunction "to stop the Tennessee Dept. of Corrections from forcing Plaintiff to undergo medical treatment at Meharry Hospital . . . ." Docket No. 20, p.1. He essentially avers that he has previously been sent to Meharry Hospital and that "Meharry Hospital [has] denied plaintiff the 8th Amendment Right to have treatment for serious medical needs." *Id.* p. 2. He does not, however, provide any specific factual support for this claim.[1] He states that he fears the loss of health and his life at Meharry, and fears retaliation because of civil cases he has filed in this Court. He points out that there are three other hospitals in Nashville and three more "local" to his current place of incarceration. He requests an injunction that he not be

---

[1] The only allegation remotely approaching a factual one is his claim, "The blood vessels, esophagus varix was never fixed at Meharry Hospital which left me with yet another life threatening medical condition." Docket No. 20, p.3.

taken to Meharry Hospital for any treatment and that the Court order the Department of Corrections to use one of the other hospitals for him.

In his second Motion, Plaintiff seeks an injunction ordering that he be provided with treatment with Harvoni medication because "that is the only form of medication to treat plaintiff for hepititus [*sic*] C Virus that will not kill plaintiff." Docket No. 21, p. 1.

Plaintiff has not filed a memorandum of law with either Motion, as required by Local Rule 7.01(a). He has not discussed the requirements for injunctive relief, nor how those requirements are met in the case at bar.

For the foregoing reasons, the instant Motions (Docket Nos. 20, 21) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

*E. Clifton Knowles*
_____
E. CLIFTON KNOWLES
United States Magistrate Judge