UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL RAY JENKINS,<br>    No. 89343, | ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | No. 3:16-cv-00216 <br> Judge Trauger |
| v. | ) <br> ) | |
| f/n/u ANTHONY, *et al.*, | ) <br> ) | |
|     Defendants. | ) | |

**M E M O R A N D U M**

On June 1, 2016, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 26) as to the plaintiff's two motions seeking an injunction (Docket Nos. 20 and 21), recommending that both motions be denied. Pending before the court are Objections to the R&R timely filed by the plaintiff. (Docket No. 48). The court finds that the plaintiff's Objections have merit and will be sustained, as explained below.

**I.  Background**

In this *pro se, in forma pauperis* prisoner civil rights case, the original complaint alleged that the defendants refused to treat the plaintiff's Hepatitis C and throat condition. (Docket No. 1). After conducting the required screening under the Prison Litigation Reform Act, the court concluded that the plaintiff had stated colorable Eighth Amendment claims against defendants Dr. f/n/u Anthony, Dr. f/n/u Sidenberry, TDOC, and Chorizion Healthcare under 42 U.S.C. § 1983. The court dismissed the plaintiff's claims against the Jane Doe defendant nurses. (Docket Nos. 3 and 4). Subsequently, the plaintiff filed an amended complaint, adding as defendants Dr. f/n/u George, Dr. f/n/u Marlin, Dr. f/n/u Scott, Centennial Health Care Provider, Meharry Hospital, and Derrick

1

Schofield. (Docket No. 9).

Upon referral, the Magistrate Judge denied the plaintiff's motions for appointment of counsel (Docket Nos. 15 and 27) and for medical treatment (Docket No. 31). By R&R entered on June 3, 2015, the Magistrate Judge recommended that the claims against Dr. George, Dr. Marlin, Meharry Hospital, Centennial Health Care Prover, and Chorizion Health Care Provider be dismissed with prejudice. (Docket No. 32). By order entered on June 22, 2016, the court rejected the Magistrate Judge's R&R, granted the plaintiff's motions to submit supplemental pleadings (Docket Nos. 35 and 40), and requested the Magistrate Judge to carefully review all of the plaintiff's allegations in order to determine which defendants should remain in the case. (Docket No. 41). The court expressed its concern "about the medical treatment being received by this prisoner." (*Id.*)

## II. Report and Recommendation

On June 1, 2016, the Magistrate Judge issued an R&R (Docket No. 26) as to the plaintiff's motions seeking injunctive relief (Docket Nos. 20 and 21), recommending that the motions be denied.

As to the plaintiff's motion for an injunction "to stop the Tennessee Dept. of Corrections from forcing Plaintiff to undergo medical treatment at Meharry Hospital" (Docket No. 20), the Magistrate Judge found that the plaintiff had not provided any factual support for his allegation that "Meharry Hospital [has] denied plaintiff the 8th Amendment Right to have treatment for serious medical needs." (Docket No. 26 at p. 2)(quoting Docket No. 20 at p. 1). The Magistrate Judge further found that the plaintiff had not filed a memorandum of law in support of his request for injunctive relief as required by Local Rule 7.01(a), had not discussed the requirements for injunctive relief, and had not explained how those requirements are met in this case. (Docket No. 26 at p. 2).

2

For those reasons, the Magistrate Judge found that the plaintiff's motion should be denied. (*Id.* at pp. 1-2).

As to the plaintiff's motion for a court order to order treatment for the plaintiff with Harvoni medication (Docket No. 21), the Magistrate Judge found that the plaintiff had not filed a memorandum in law in support of his motion as required by Local Rule 7.01(a), had not discussed the requirements for injunctive relief, and had not explained how those requirements were met in this case. (Docket No. 26 at p. 2). For those reasons, the Magistrate Judge recommended the denial of the plaintiff's motion. (*Id.*)

### III. Standard of Review

The Magistrate Judge's R&R concerns a dispositive pretrial matter. Under Federal Rule of Civil Procedure 72(b), the district court must review any portion of the R&R to which a specific objection is made under the *de novo* standard. *Id.*; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

### IV. Plaintiff's Objections to the R&R

The plaintiff has filed Objections to the Magistrate Judge's recommendation to deny the plaintiff's motions for injunctive relief. (Docket No. 48).

In the plaintiff's first motion for an injunction, he asks the court to order that he not be taken to Meharry Hospital for any treatment and order instead that he be treated at another hospital. (Docket No. 20). In the plaintiff's Objections to the Magistrate Judge's R&R denying the plaintiff's motion, the plaintiff alleges that he was transported by ambulance to Meharry Hospital on two separate occasions in February and March of 2016 due to "the esophagus varix that caused excessive bleeding from blood vessels in plaintiff's throat. <An Upper G.I. Bleed> which can cause death";

3

while hospitalized at Meharry Hospital, defendant Drs. Scott, Marlin and George with the support of Meharry Hospital "chose not to 'band' or cotorize [sic] the bleeding vessels so they would stop bleeding forever"; Drs. Chung and Sitesinger at Vanderbilt Hospital and Bledsoe Correctional Complex respectively already had determined that the plaintiff's blood vessels would need to be "banded" in the plaintiff's throat "to stop future bleeding out and death"; the reason the defendants will not provide the needed medical treatment to the plaintiff is due to the cost of the medical treatment; and the defendants are not only refusing to treat the plaintiff's throat condition but are now denying the plaintiff any medical treatment whatsoever. (Docket No. 48).

In the Magistrate Judge's R&R, he acknowledged in a footnote that, in support of his request for an injunction, the plaintiff alleged that "[t]he blood vessels, esophagus varix was never fixed at Meharry Hospital which left me with yet another life threatening condition." (Docket No. 26 at p. 1 n.1)(quoting Docket No. 20 at p. 1). The Magistrate Judge further acknowledged the plaintiff's contention that he fears retaliation and loss of health and his life if treated at Meharry Hospital because of the civil cases he has filed against Meharry Hospital in this court. (*Id.* at p. 1).

In additional filings with the court, the plaintiff alleges that his blood platelet count is 41,000 and his blood count is down from 12.7 to 9.3 in a one-month period due to the defendants' failure to treat the plaintiff's throat condition. (Docket No. 35-1 at pp. 3 and 4). Stated differently, the plaintiff alleges that his condition is worsening without the band procedure recommended by Vanderbilt doctors. According to the plaintiff, his doctors agreed that he has approximately two years to live in his current medical condition. (*Id.* at p. 5).

In the plaintiff's second motion, he asks the court to order the defendants to provide him with treatment using Harvoni medication for his Hepatitis C. (Docket No. 21).

4

In his Objections to the Magistrate Judge's recommendation to deny the plaintiff's motion, he alleges that the defendants possess paperwork documenting the opinion of Dr. Chung at Vanderbilt Hospital that he would treat the plaintiff with Harvoni because other medications such as Interferon would kill the plaintiff. (Docket No. 48 at p. 3). In other filings with the court, the plaintiff maintains that defendant Dr. Anthony misrepresented the plaintiff's viral load and enzyme level for a four-year period of treatment at the West Tennessee State Penitentiary in an effort to willfully deny the plaintiff expensive treatment for his condition pursuant to TDOC policy and, as time passed without treatment for the plaintiff's Hepatitis C, the plaintiff developed cirrhosis and is now in early stage four liver cancer. (Docket No. 40 at p. 8). The plaintiff further alleges that, when he was released on parole in June 2015, Dr. Lim at St. Thomas Hospital told the plaintiff in July 2015 that he had cirrhosis of the liver (which plaintiff had not been told by Dr. Anthony) and the plaintiff sought a second opinion from Dr. Chung at Vanderbilt Hospital. Dr. Chung performed testing and confirmed that plaintiff had had cirrhosis "for years". (*Id.* at pp. 9-10). After the plaintiff returned to the TDOC system, according to the plaintiff's allegations, each of the defendants was aware of the plaintiff's lab reports and diagnosis but refused to provide any treatment for Hepatitis C pursuant to the TDOC policy created by Derrick Schofield. (*Id.* at pp. 12-13). These defendants, says plaintiff, continue to deny him the Harvoni medical treatment "even after defendants gained the facts that plaintiff is terminal without the treatment . . ." because "Defendant Schofield was set on shaving away the cost to 'run and manage a prison system' even to the denial of treatment to serious medical needs as they decided, and thereby has almost killed plaintiff by thier [sic] actions." (*Id.* at p. 13).

Regarding his failure to submit a memorandum in support of his motions for injunctive relief,

5

the plaintiff states that he is a *pro se* litigant and points out that he has requested the appointment of counsel on more than one occasion to assist him in prosecuting this case. (Docket No. 40 at p. 15).

The plaintiff has submitted numerous filings since the entry of the Magistrate Judge's R&R in an effort to clarify his allegations, perfect his list of named defendants, and seek assistance from the court in receiving what he alleges is life-sustaining medical treatment. (Docket Nos. 35, 40, 43, and 48). The plaintiff has filed two motions simply seeking confirmation that the court has received his filings. (Docket Nos. 49 and 51). Under these circumstances, the court does not find that the plaintiff has been dilatory or lackadaisical in his efforts to prosecute his case, and does not agree with the Magistrate Judge that the plaintiff's requested injunctions should be denied in full or in part because he failed to submit a contemporaneous legal memorandum in support of his motion.

It would be easy to lose sight of the primary matter before this court – a *pro se* prisoner plaintiff's allegation that his death is imminent due to the failure of certain individuals to arrange for and/or to approve appropriate medical care for the plaintiff's two distinct serious medical conditions.

Since filing his original complaint, the plaintiff has consistently and persistently implored this court to order medical treatment for him. Initially, it appeared that the plaintiff's allegations centered on a disagreement among medical doctors as to the plaintiff's diagnosis and proper treatment, allegations that would not be colorable under the federal statute pursuant to which the plaintiff seeks relief. However, the plaintiff's most recent filings allege that he is not being provided <u>any</u> medical treatment whatsoever for two distinct life-threatening medical conditions, and that the plaintiff's condition is deteriorating. Furthermore, the plaintiff has maintained from the filing of his complaint

that certain defendants have denied him appropriate, timely medical care directly pursuant to a TDOC policy or directive placing cost savings above inmate health and safety.

The court is unable to discern the plaintiff's credibility from a record only review at this time. The court needs to know what medical treatment, if any, has been provided and is being provided to the plaintiff for each condition. Due to the seriousness of the alleged medical conditions and the plaintiff's contentions that his condition is deteriorating, the court finds that a decision on the plaintiff's pending motions for injunctive relief is not appropriate on the record as it currently exists. Consequently, the plaintiff's objections will be sustained (Docket No. 48), and the Magistrate Judge's R&R (Docket No. 26) will be rejected.

**V.     Conclusion**

After reviewing the pleadings and the record, and considering the plaintiff's specific Objections to the Magistrate Judge's Report and Recommendation entered on June 1, 2016, the plaintiff's Objections will be sustained, and the R&R will be rejected.

The court will schedule a hearing on the plaintiff's motions for injunctions (Docket Nos. 20 and 21), during which time the defendants will be expected to report on the plaintiff's medical conditions and treatment, and the court will make a determination as to whether the defendants will be ordered to obtain, at their expense, an independent physical examination of the plaintiff.

An appropriate order will be entered.

                                                                                 _____
                                                                                  Aleta A. Trauger
                                                                                  United States District Judge